# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-258V
Filed: October 2, 2024

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| DIONNE EDWARDS, *on behalf of her minor son*, J.M.E., | * * * |
| Petitioner, | * |
| v. | * * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Milton Clay Ragsdale, IV, Esq.*, Ragsdale LLC, Birmingham, AL, for petitioner.
*Lara Englund, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On February 23, 2017, Dionne Edwards ("petitioner") filed a petition for compensation under National Vaccine Injury Compensation Program[2] on behalf of her son, J.M.E. Petitioner alleged that J.M.E. suffered from transverse myelitis ("TM") after receiving diphtheria-tetanus-acellular pertussis ("Dtap"), inactivated polio vaccine ("IPV"), and measles, mumps, rubella, varicella ("MMRV") vaccines on July 29, 2016. *See* Petition, ECF No. 1. On May 31, 2023, the parties filed a stipulation which the undersigned adopted as her decision awarding compensation on the same date. ECF Nos. 76-77.

Petitioner filed a Motion for Attorneys' Fees and Costs on December 7, 2023. ECF No. 81 ("Fees Motion"). Petitioner requests a total of **$226,856.81**, representing $196,488.20 in attorneys'

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services)**. This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

fees and $30,368.61 in costs. Fees Motion at 4, 13, 15. Respondent responded to the Motion on December 14, 2023, stating he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the Court "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 82. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

### I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### II. Discussion

**A.     Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

2

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the work of her counsel:

|  | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|---|
| **M. Clay Ragsdale** | $385 | $400 | $410 | $420 | $430 | $450 | $485 | $530 |
| **Allison Riley** | $250 | $270 | $290 | $305 | $325 | $350 | $375 | $410 |

Fees Motion at 8-9. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work. *See Lemieux v. Sec'y of Health & Human Servs.*, No. 19-1121V, 2024 WL 3760414 (Fed. Cl. Spec. Mstr. July 11, 2024); *Eastman v. Sec'y of Health & Human Servs.*, No. 18-250V, 2023 WL 5500399 (Fed. Cl. Spec. Mstr. Aug. 3, 2023). Accordingly, the undersigned awards the hourly rates as requested.

**B.   Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29

---

[3] The Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

(affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of **$196,488.20.**

**C.    Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health and Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $30,368.61 consisting of the Court's filing fee, costs for obtaining medical records, and costs associated with petitioner's life care planner and establishing a conservatorship. Fees Motion, Ex. C at 2-3. Petitioner also requests costs for her expert, Dr. William Meador. *Id*. at 2.

Dr. Meador billed 12.4 hours at a rate of $500 per hour, for a total of $6,200.00. Fees Motion, Ex. C at 4-6. Dr. Meador wrote three reports during this time. *See* Pet. Ex. 25; Pet. Ex. 37; Pet. Ex. 49. Dr. Meador's requested rate is reasonable and in line with what he has previously been awarded for work in the Program. *See Dobyns v. Sec'y of Health & Human Servs.*, No. 19-158V, 2022 WL 9931069 (Fed. Cl. Spec. Mstr. Sept. 16, 2022).

I have reviewed all petitioner's requested costs and find them reasonable and supported with adequate documentation. Accordingly, petitioner is awarded her full requested costs, for a total of **$30,368.61.**

### III. Conclusion

Based on the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED.** Petitioner is awarded a lump sum of **$226,856.81,** representing $196,488.20 in attorneys' fees and $30,368.61 in costs, **in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Milton Clay Ragsdale, IV.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.